IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-01926-CMA-KMT

GERARD MAISONNEUVE, and
DEBRA KAY MAISONNEUVE,

    Petitioners,

v.

UNITED STATES,

    Respondent.

---

**ORDER GRANTING MOTION TO DISMISS AND GRANTING ENFORCEMENT OF SUMMONSES ISSUED TO ALPINE BANK**

---

This matter is before the Court on the Petition to Quash Summonses filed by Gerard and Debra Kay Maisonneuve (Doc. # 1) and the United States' Motion for Partial Dismissal of the Petition to Quash and for Enforcement of Summonses (Doc. # 6). For the following reasons, the Petition (Doc. # 1) is DENIED and the Motion (Doc. # 6) is GRANTED.

## **BACKGROUND**

Petitioners Gerard and Debra Kay Maisonneuve are tax protestors. They filed this case seeking to quash four summonses issued by the Internal Revenue Service ("IRS").

The IRS is currently investigating Petitioners' tax liabilities for 2005 and 2006. To aid in the investigation, IRS Agent John Boetz served Alpine Bank with two summonses seeking books, records, papers and other data relating to Petitioners' savings, checking

and loan accounts.  *See* 26 U.S.C. § 7602.  Agent Boetz delivered the summonses to Alpine Bank on August 28, 2008.  Pursuant to section 7602, Agent Boetz also notified Petitioners of the Alpine Bank summonses and served them with two additional summonses seeking Petitioners' own records relating to their 2005 and 2006 tax liabilities.

In their Petition and accompanying papers, Petitioners present a number of intriguing, but unpersuasive, reasons why this Court should quash the four summonses and enjoin the IRS from further investigation.  The IRS moved to dismiss the Petition as it relates to the two summonses issued to Petitioners and to enforce the two summonses issued to Alpine Bank.  Petitioners responded to the IRS' Motion with another round of unique, but unconvincing, arguments.  The IRS replied and the Motion is now ripe.

## ANALYSIS

Petitioners rehash oft-repeated tax protestor arguments that previous courts have refused to accept on numerous previous occasions.  Thus, the Court will keep its analysis short to avoid encouraging more of the recycled arguments asserted by Petitioners.  *See Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1985).

**I.    THE PETITION TO QUASH THE SUMMONSES SERVED ON THE MAISONNUEVES SHOULD BE DISMISSED.**

Petitioners seek to quash the summonses issued to them by Agent Boetz. However, it is well settled that courts cannot sustain pre-enforcement challenges to IRS summonses likes those at issue here.  *See, e.g., Gutierrez v. United States*, 1996 WL

2

751342, *2 (E.D. Wash. July 31, 1996); Lopes v. Resolution Trust Corp., 155 F.R.D. 14, 15 (D.R.I. 1994); Fleet/Northstar Fin. Group, Inc. v. S.E.C., 769 F. Supp. 19, 20 (D. Me. 1991); Bragg v. United States, 1992 WL 310796, *1 (M.D. Fla. Sept. 1, 1992) aff'd 998 F.2d 1020 (11th Cir. 1993) (table decision). In other words, a taxpayer must wait for the IRS to commence enforcement of a summons before challenging it.

In this case, Petitioners have jumped the gun. At the time they filed their Petition, the IRS had not sought to enforce the summonses directed towards them.[1] Not one of Petitioners' arguments or filings changes the fact that, at the time they filed their Petition, this Court did not have jurisdiction to quash the summonses. Therefore, the United States' Motion for Partial Dismissal of the Petition is GRANTED.

**II.     THE SUMMONSES ISSUED TO ALPINE BANK SHOULD BE ENFORCED.**

Petitioners also seek to quash the two summonses issued to Alpine Bank. The IRS responds that Petitioners have presented no valid reason to quash the summonses and they should, therefore, be enforced. The Court agrees with the IRS.

Whether an IRS summons will be enforced depends on whether the IRS can establish the four elements contained in United States v. Powell, 379 U.S. 48, 57-58 (1964). In order to enforce a summons, the IRS must show that the summons:

(1) Was issued for a legitimate purpose;

(2) Seeks information relevant to that purpose;

---

[1] The Court notes that subsequent to the date of the Petition in this case, the IRS did move to enforce the summonses issued to Petitioners. See United States v. Maisonneuve, No. 09-cv-00473-CMA (D. Colo. Mar. 5, 2009). If Petitioners wish to challenge enforcement of the summonses against them, that case presents them with the appropriate forum to do so.

3

(3) Seeks information not already within the IRS' possession; and

(4) Satisfies all administrative steps required by the United States Code.

*Id.* The IRS' burden is a "slight one" that can be satisfied using an affidavit from the IRS agent who issued the summons and is conducting the investigation. *See United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985).

Here, Agent Boetz provided an affidavit indicating that the Alpine Bank summonses satisfy the *Powell* test. First, the Bank summonses serve the legitimate purpose of aiding in the determination of Petitioners' tax liability for 2005 and 2006. Indeed, the 26 U.S.C. § 7602(a) explicitly contemplates summonses like the ones issued to Alpine Bank. Second, the relevance of the records sought is also without question. Review of Petitioners' bank records will certainly shed light upon the correctness of their tax returns. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984). Regarding the third element, Agent Boetz declared that the information sought is not already in the IRS' possession. Petitioners have not shown otherwise. On the fourth element, Agent Boetz stated that he served copies of the summonses on Alpine Bank and provided timely, reasonable notice to Petitioners of the summonses. Thus, the IRS complied with the necessary administrative steps of the Code.

Petitioners present no facts or authority that would undermine the IRS' *prima facie* case of good faith in issuing the Alpine Bank summonses. Thus, the Court will GRANT the IRS' Motion for Enforcement of the Summonses previously served on Alpine Bank.

**CONCLUSION**

For the reasons described above, the Court hereby DISMISSES the Petition seeking to quash the summonses issued to Gerard and Debra Kay Maisonneuve. Additionally, the Court finds that enforcement of the summonses issued to Alpine Bank is proper.

If Petitioners seek to challenge the enforcement of the summonses served on them, they may do so in Case No. 09-473. However, the Court warns Petitioners that their continued submission of unnecessary, frivolous pleadings and their failure to otherwise adhere to the Rules of Procedure, including Federal Rule of Civil Procedure 11, may subject them to monetary sanctions.

Accordingly,

The Petition to Quash Summonses (Doc. # 1) is DENIED and the Motion for Partial Dismissal and Enforcement (Doc. # 6) is GRANTED; it is

FURTHER ORDERED that Alpine Bank shall comply with the summonses issued by Agent Boetz within thirty days of the date a copy of this Order is served on it; and it is

FURTHER ORDERED that, subject to Alpine Bank's compliances, this matter is hereby DISMISSED, each party to pay his, her or its own costs.

DATED: March   12  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge